**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**
**OMAHA DIVISION**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 SEP 21 AM 10: 43
OFFICE OF THE CLERK

TRACY LEE HOLMES, SR.
*Plaintiff,*

v.

STATE OF NEBRASKA; NEBRASKA STATE PATROL; NEBRASKA SEX OFFENDER REGISTRY; JIM PILLEN, Governor of Nebraska, in his official capacity; MIKE HILGERS, Attorney General of Nebraska, in his official capacity; ANDI HART, Sex Offender Registration Manager, in official and individual capacity; BRYAN WAUGH, Superintendent, Nebraska State Patrol, in official capacity; DON W. KLEINE, Douglas County Attorney, in official capacity; AARON HANSON, Sheriff of Douglas County, in official capacity; TODD SCHMADERER, Chief of Police, City of Omaha, in official capacity; BARB LEWIEN, records official, in official and individual capacity; CITY OF OMAHA; COUNTY OF DOUGLAS; and JOHN DOE and JANE DOE registration, correctional, and records officials, in official and individual capacities.
*Defendants.*

Case No.: 140 944

8:26cv555

**COMPLAINT**

COMES NOW Plaintiff Tracy Lee Holmes, Sr. ("Plaintiff"), appearing pro se, and for his Complaint against the above-named Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises from Defendants' maintenance, alteration, and interstate communication of sex-offender registration and correctional records concerning Plaintiff's 1997 Douglas County conviction (District Court of Douglas County, Docket 140, No. 944), and from the alleged enforcement of a registration obligation far beyond the ten-year term Plaintiff

contends was authorized by the plea, the August 15, 1997 sentence, and the Sex Offender Registration Act as it existed at sentencing.

2. Plaintiff seeks production of the complete court and registry file; correction of inaccurate descriptions of the offense of conviction, sentence, release dates, and registration term; a declaration that no valid court order imposes lifetime registration; an injunction against unauthorized future registration demands, including any demand that Plaintiff register upon return to Nebraska.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4). The Court may grant declaratory and further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57.

4. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's reserved Nebraska-law claims, including claims under the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 *et seq.*, official-record correction, and any claim after notice under the Political Subdivisions Tort Claims Act, because those claims form part of the same case or controversy.

5. Venue is proper in this District and in the Omaha Division under 28 U.S.C. § 1391(b)(1) and (b)(2). The underlying criminal judgment was entered in the District Court of Douglas County, Nebraska. County and municipal Defendants reside and act in Douglas County. A substantial part of the records, communications, and events, including registry determinations transmitted to Minnesota, occurred in this Division.

6. For purposes of 42 U.S.C. § 1983, the official-capacity individual Defendants are sued for prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123

(1908). The State of Nebraska, the Nebraska State Patrol, and the Nebraska Sex Offender Registry are named for declaratory and injunctive relief and to the extent Eleventh Amendment immunity is waived or inapplicable. The City of Omaha and County of Douglas are "persons" under Monell, 436 U.S. 658 (1978), to the extent a policy, custom, or failure to train caused the alleged violation. Individual-capacity Defendants, including Andi Hart, Barb Lewien, and the Does, are sued for damages.

**PARTIES**

7. Plaintiff Tracy Lee Holmes, Sr., date of birth August 14, 1973, is the defendant in *State v. Tracy L. Holmes*, District Court of Douglas County, Docket 140, No. 944, and Docket 153, Page 198. He currently sojourns in Minneapolis, Minnesota, and may be noticed at tracyholmes705@gmail.com and Tracy Holmes, c/o PettyLawsuit, 99 Wall Street #3330, New York, NY 10005.

8. Defendant State of Nebraska is named for declaratory and injunctive relief and to the extent immunity is waived or inapplicable.

9. Defendant Nebraska State Patrol administers the Sex Offender Registry under Neb. Rev. Stat. §§ 29-4001 to 29-4014.

10. Defendant Andi Hart is the Sex Offender Registration Manager who, Plaintiff alleges, emailed that Plaintiff would again be required to register if he returned to Nebraska, and who participates in interstate registry communications.

11. Defendant Jim Pillen is Governor, and Defendant Mike Hilgers is Attorney General, each sued in official capacity for prospective relief. Defendant Bryan Waugh is sued in official capacity as Superintendent of the State Patrol.

12. Defendant Don W. Kleine is Douglas County Attorney. Defendant Aaron Hanson is Sheriff of Douglas County. Defendant Todd Schmaderer is Chief of the Omaha Police Department. Defendant Barb Lewien is a records official. The City of Omaha and County of

Douglas are sued for the acts of their officers within the scope of employment, to the extent permitted by the Political Subdivisions Tort Claims Act.

13. John Doe and Jane Doe defendants include correctional records personnel and registry staff who allegedly altered or communicated inaccurate conviction, sentence, release-date, or registration-term data. Plaintiff will amend when identified.

**STATEMENT OF FACTS**

14. On December 6, 1996, an Information was filed charging first-degree sexual assault on a child, Neb. Rev. Stat. § 28-319(1)(c), Class II felony, Docket 140, No. 944, alleging sexual penetration of Teresa Windham, a person less than sixteen years of age, between April 1 and May 1, 1996.

15. On June 23, 1997, an Amended Information was filed charging sexual assault on a child / sexual contact under Neb. Rev. Stat. § 28-320.01, Class IV felony, alleging sexual contact with Teresa Windham, a person of fourteen years of age or younger. Plaintiff entered a plea of nolo contendere. The sheriff's return reflects the writ was returned with "no further action," the subject having pled *nolo contendere* on June 23, 1997.

16. Plaintiff expressly disputes any current record that states he was convicted of first-degree sexual assault of a child involving penetration under § 28-319. The conviction of record, Plaintiff contends, is the amended Class IV offense. Plaintiff further contends that the plea was based in part on the complainant's statement that the activity was consensual and did not involve forcible entry. Those contentions go to the accuracy of later registry descriptions, not to a collateral attack on the fact of the 1997 judgment in this pleading.

17. On August 15, 1997, Judge Robert V. Burkhard sentenced Plaintiff to eighteen months of probation. The contemporaneous Sex Offender Registration Act notice advised that the duty to register "continues for at least ten (10) years following [the] most recent date of

discharge from probation, parole, or incarceration." Registration in Nebraska began on or about August 19, 1997.

18. Plaintiff contends he was removed from the Nebraska registry in or about 2001 pursuant to a plea agreement and/or completion of the then-applicable term, and that a later alleged registration-violation matter was dismissed by Judge Davis.

19. A probation-violation information was filed April 13, 1998. On February 10, 1999, the Court sentenced Plaintiff to ten months with 52 days' credit and terminated probation unsatisfactorily. Journal entries describe the matter as "Violation of Probation (Sexual Assault On A Child)." Plaintiff contends that caption perpetuates the original, superseded charge rather than the amended Class IV conviction.

20. On August 1, 2001, in Docket 153, Page 198, Plaintiff was sentenced to twenty months for escape from official detention, concurrent with any sentence then being served. Plaintiff contends this sentence did not convert the original ten-year registration term into lifetime registration. Plaintiff further contends that correctional records later changed the escape term from 20 months to 18 months and altered release dates without a court order.

21. Nebraska later amended the Sex Offender Registration Act, including after the federal Adam Walsh Act, substituting 15-year, 25-year, and lifetime terms for the former ten-year / lifetime scheme. Plaintiff contends those amendments cannot lawfully be applied to him to create a lifetime or 2031 end-date in the absence of a judicial finding of an "aggravated offense" or other statutory trigger, and cannot be applied through silent administrative alteration of the conviction label.

22. Plaintiff has requested from the Douglas County Sheriff's records personnel and Nebraska correctional records personnel the original sentence, release calculations, registration term, and any subsequent modification. Those requests have not been adequately answered.

23. Nebraska officials communicated with Minnesota as follows, according to the Minnesota BCA's August 6, 2026 letter: in 2014, Nebraska indicated Plaintiff was required to register for life; on August 18, 2020, Nebraska sent documents describing a conviction for "Sexual Assault on a Child" and dates of August 19, 1997 to May 5, 2031; on November 13, 2025, Nebraska reported a new end date of July 17, 2031, attributed to "noncompliance"; and on August 5, 2026, Nebraska confirmed that end date to Minnesota.

24. Those communications caused Minnesota to require Plaintiff to register until July 17, 2031, and previously for life. Plaintiff contends the communications were inaccurate as to the offense of conviction, the original term, and the legal authority for any extension, and were made without producing the plea agreement or a court order imposing the extended term.

25. Manager Andi Hart stated in writing that Plaintiff would again be required to register if he returned to Nebraska. That prospective demand chills Plaintiff's right to travel and to reside in his State of conviction.

26. Plaintiff also alleges that Omaha Police Department personnel harassed him during visits to Omaha, including an incident in which Officer Harper allegedly told Plaintiff's wife that Plaintiff was a "rapist," made inappropriate personal advances toward her, and left a card. That allegation is pleaded as reputational and emotional-distress harm accompanying the inaccurate classification.

27. On July 27, 2026, Plaintiff served a demand for records, correction, and compensation on the Governor, Attorney General, county and municipal officials identified above, with a deadline of August 10, 2026. The defects were not cured.

28. Plaintiff claims substantial harm over approximately twenty-nine years of allegedly unauthorized registration and inaccurate classification.

29. Plaintiff requests preservation of all related documents, emails, database entries, audit logs, recordings, and communications from 1996 to the present.

## CLAIMS FOR RELIEF
## COUNT I
## DECLARATORY JUDGMENT
## (28 U.S.C. §§ 2201–2202; NEB. REV. STAT. §§ 25-21,149 ET SEQ., VIA 28 U.S.C. § 1367)

30. Plaintiff incorporates the contents of paragraphs 1 to 29 above as if set forth fully herein.

31. An actual controversy exists as to:

i. the offense of which Plaintiff stands convicted in Docket 140, No. 944;

ii. the registration term authorized by the 1997 judgment and the Act as of August 1997;

iii. whether any court has ever ordered lifetime registration;

iv. whether the 2014 "lifetime," 2020 "5/5/2031," and 2025–2026 "7/17/2031" communications are accurate; and

v. whether Plaintiff must register if he returns to Nebraska.

32. Plaintiff is entitled to a judgment declaring those matters on the original court file.

## COUNT II
## PROCEDURAL DUE PROCESS
## (U.S. CONST. AMEND. XIV; NEB. CONST. ART. I, §§ 3, 13; 42 U.S.C. § 1983)

33. Plaintiff incorporates the contents of paragraphs 1 to 32 above as if set forth fully herein.

34. Defendants have altered or reported Plaintiff's conviction label, sentence length, release dates, and registration duration without notice and an opportunity to be heard before a neutral decisionmaker, and have transmitted those data to Minnesota knowing they would be used to restrain Plaintiff's liberty.

35. Plaintiff is entitled to process before any extension of registration based on alleged "noncompliance" or on a recharacterization of the 1997 offense.

## COUNT III
## VIOLATION OF SUBSTANTIVE DUE PROCESS

36. Plaintiff incorporates the contents of paragraphs 1 to 34 above as if set forth fully herein.

37. Inaccurate official branding of Plaintiff as a first-degree child-sexual-assault / lifetime registrant, coupled with compelled registration and interstate reporting, alters his legal status and is actionable.

**COUNT IV**
**EQUAL PROTECTION**

38. Plaintiff incorporates the contents of paragraphs 1 to 36 above as if set forth fully herein.

39. Defendants have applied post-1997 amendments and administrative extensions to Plaintiff in a manner inconsistent with the treatment of other 1997 Class IV registrants whose files were not administratively relabeled.

**COUNT V**
**INJUNCTIVE RELIEF**
**(FED. R. CIV. P. 65; 28 U.S.C. § 2202)**

40. Plaintiff incorporates the contents of paragraphs 1 to 39 above as if set forth fully herein.

41. Plaintiff seeks an order requiring Defendants to produce certified copies of every judgment, plea, registration determination, classification, release calculation, and modification; to produce database audit trails showing who changed the conviction, sentence, release date, term, or status, and why; to correct inaccurate records; to notify every agency that received inaccurate information, including the Minnesota BCA; and to suspend any registration demand that cannot be supported by a valid judgment.

**DAMAGES**

42. Plaintiff claims, in the alternative calculated at 29 years for the unlawful registration order and for being on a wrongful conviction at 14,500,000.00 years x 29 years at $500,000 per year plus 29 years of damages that equal to $420,500,000.00 subject to proof, statutory caps, and amendment. Claimed harms include loss of employment and opportunity,

restrictions on travel and residence, reputational injury, emotional distress, interference with family relationships, and costs of responding to the disputed requirement.

**JURY DEMAND**

43. Plaintiff demands trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally to the extent permitted by law, and award the following relief:

1. A declaration identifying the precise conviction, court order, statute, classification, and registration expiration date, if any, applicable to Plaintiff.
2. A declaration that no valid lifetime registration order exists unless Defendants produce one.
3. An injunction against any unsupported registration demand, including any demand conditioned on Plaintiff's return to Nebraska.
4. An order compelling record correction and notice to all recipient agencies, including the Minnesota Bureau of Criminal Apprehension.
5. An order compelling production of certified records and audit trails.
6. Compensatory damages as pleaded in paragraph 41.
7. Costs and all other relief the Court deems just and proper.

Dated: ~~August 7~~ ____, 2026
September

Respectfully submitted,

[signature]

Tracy Lee Holmes, Sr.
c/o PettyLawsuit, 740 East 17th Street
Minneapolis Mn 55404
Email: tracyholmes705@gmail.com
*Plaintiff, pro se*

**Bureau of Criminal Apprehension**
1430 Maryland Avenue E., St. Paul, Minnesota 55106
Phone: 651/793-7070 FAX: 651/793-7071 TTY: 651/282-6555
Internet: http://www.dps.state.mn.us/bca/

August 5, 2026

Tracy Lee Holmes
c/o Minneapolis Police Department
444 S. 4th St.
Minneapolis, MN 55415

Dear Mr. Holmes,

The Minnesota Bureau of Criminal Apprehension – Predatory Offender Registration (POR) Unit received your correspondence on 07/27/2026 regarding your registration period.

Per Minnesota Statutes § 243.166, subd. 6, there is a minimum period of 10 years of registration from the date an offender initially registers. You initially started registering in Nebraska on August 19, 1997. According to Nebraska, yo[u] are required to register in that state until July 17, 2031. Per Minnesota Statute § 243.166 subd. 6(e), you must register for the time period required by Nebraska [if] you come to Minnesota and meet the registration requirements for registration under Minnesota's registration statute, which you do. If you object to Nebraska's registration requirements or your term of registration there, you wi[ll] need to communicate with them about your concerns.

In your correspondence, you objected to Minnesota requiring you to register f[or] life. Minnesota previously believed that you were required to register for life due to communication, in 2014, from the Nebraska registry that indicated you were required to register for life there. However, on August 18, 2020, Nebras[ka] sent Minnesota relevant court documents related to your conviction for Sexu[al] Assault on a Child in Nebraska and informed the Minnesota POR Unit that y[our] registration dates there were from 8/19/1997 to 5/5/2031. At that time, the M[N] POR Unit updated your registration dates to end on 5/5/2031.

On November 13, 2025, Nebraska confirmed with the MN POR Unit that y[our] registration now runs from 8/19/1997 to 7/17/2031. Nebraska explained tha[t] changed end date from your original end date there is due to your noncompliance with Nebraska's registration laws. On August 5, 2026, the Minnesota POR Unit again confirmed with the Nebraska registry that you[r]

EQUAL OPPORTUNITY EMPLOYER

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

TRACY L. HOLMES
Plaintiff,

v.

BRYAN D. WAUGH, in official capacity as Superintendent of the Nebraska State Patrol; ANDI HART, in official capacity and, solely as to personally undertaken post-2021 conduct, individual capacity; BARB LEWIEN, in official capacity as Warden of the Nebraska State Penitentiary and, solely as to personally undertaken post-2021 conduct, individual capacity; AARON HANSON, in official capacity as Sheriff of Douglas County; TODD R. SCHMADERER, in official capacity as Chief of the Omaha Police Department; and JOHN/JANE DOES 1-3, registration or records officials whose identities are presently unknown
Defendants.

Case No. 140 944

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1. Plaintiff Tracy L. Holmes brings this action under 42 U.S.C. § 1983 concerning a post-2021 administrative calculation and review process for his Nebraska sex-offender-registration duration. He does not ask this Court to vacate his 1997 conviction, alter his criminal sentence, decide the validity of any state-court judgment, or excuse compliance with any presently operative registration requirement while this case is pending.

2. The record presently available includes an April 22, 2026 communication from Nebraska Sex Offender Registration staff stating that Plaintiff is classified for a 25-year period with a current end date of July 17, 2031, unless he has been convicted of another sex offense after leaving Nebraska. Plaintiff disputes the calculation and says he has not been given an itemized explanation identifying the periods of alleged noncompliance, the dates added to the term, the records relied upon, or a meaningful procedure to seek administrative review.

3. This pleading is intentionally limited to discrete acts and omissions occurring after the prior federal judgment described below, including the 2025-2026 recalculation, communications, record-maintenance decisions, present maintenance or refusal to correct disputed correctional, sheriff, and municipal source records, and alleged denial of notice and review. Events before that judgment are pleaded only as background unless expressly identified as part of an ongoing policy and a timely, present injury.

## PARTIES

4. Plaintiff Tracy L. Holmes is a natural person. For mailing purposes, Plaintiff uses c/o PettyLawsuit, 99 Wall Street #3330, New York, NY 10005, and tracyholmes705@gmail.com. His current residence and county will be completed before filing. He proceeds pro se.

5. Defendant Colonel Bryan D. Waugh is the current Superintendent of the Nebraska State Patrol. Waugh is sued only in official capacity for prospective declaratory and injunctive relief concerning policies, records, and practices administered by the Nebraska State Patrol. Any successor is automatically substituted as required by Federal Rule of Civil Procedure 25(d).

6. Defendant Andi Hart is identified in the supplied 2026 correspondence as a Nebraska registration official or manager. Hart is sued in official capacity and, only to the extent supported after discovery by personally undertaken post-2021 conduct, individual capacity. Plaintiff does not rely on respondeat superior.

7. Defendant Barb Lewien is the current Warden of the Nebraska State Penitentiary. Plaintiff's earlier demand materials identified Lewien as a warden and correctional-records official. Lewien is sued in official capacity for prospective relief concerning correctional records within her custody or control and, only to the extent discovery establishes personally undertaken

post-2021 maintenance, approval, refusal-to-correct, or communication of disputed records, individual capacity. Plaintiff does not rely on respondeat superior.

8. Defendant Aaron Hanson is the current Sheriff of Douglas County. Nebraska law assigns county sheriffs duties concerning receipt, verification, and transmission of sex-offender registration information. Hanson is sued only in official capacity for prospective relief concerning current Douglas County registration or source records and the office's post-judgment response to requests for accurate records. Plaintiff does not allege that Hanson personally created the original registration classification merely by virtue of his office.

9. Defendant Todd R. Schmaderer is the current Chief of the Omaha Police Department. Schmaderer is sued only in official capacity for prospective relief concerning any Omaha Police Department records, policies, or continuing use of disputed conviction or registration information. Plaintiff does not seek individual-capacity damages from Schmaderer absent a later amendment supported by facts establishing personal involvement.

10. John/Jane Does 1-3 are the officials who allegedly made, approved, maintained, or communicated the challenged 2025-2026 calculation or denied review. Plaintiff will seek leave to substitute their names after lawful discovery.

## JURISDICTION AND VENUE

11. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Fourteenth Amendment and 42 U.S.C. § 1983. The Court may grant declaratory relief under 28 U.S.C. §§ 2201-2202 and prospective relief against appropriate state officers under Ex parte Young principles.

12. Venue is alleged to be proper in this District under 28 U.S.C. § 1391(b) because the Nebraska defendants perform their relevant duties in Nebraska and a substantial part of the challenged calculation, recordkeeping, and communications occurred in Nebraska.

13. Plaintiff seeks damages only from defendants properly sued in their individual capacities and only for conduct proved to have violated clearly established law. He does not seek damages from the State, a state agency, or an official-capacity defendant.

**PRIOR FEDERAL ACTIONS AND LIMITED SCOPE OF NEW CLAIMS**

14. Plaintiff previously litigated related Nebraska registration issues in Holmes v. Nebraska State Patrol, No. 8:10-cv-00380 (D. Neb.), and later filed Holmes v. State of Nebraska, No. 8:21-cv-00158 (D. Neb.). The latter action was dismissed and judgment entered. Plaintiff discloses both prior actions in this Complaint and on the civil cover sheet.

15. Plaintiff does not ask this Court to reconsider any claim actually decided in the prior action, or any claim based solely on conduct that had occurred and was available to be litigated before the prior judgment.

16. The claims pleaded here are limited to alleged conduct arising after the prior judgment: (a) a newly communicated 25-year classification and July 17, 2031 end date; (b) any 2025-2026 noncompliance adjustment or recalculation used to reach that date; (c) refusal or failure to identify the precise dates, acts, evidence, and legal rules used in the calculation; (d) refusal or failure to provide a meaningful administrative review procedure; (e) present transmission or maintenance of that post-judgment determination for use by another state; and (f) post-judgment maintenance, use, or refusal to correct disputed correctional, sheriff, or municipal source records that materially affect the present classification or end-date calculation.

17. Any older conviction, sentence, registry history, or correspondence is included only to explain the source of the present dispute. Plaintiff limits monetary relief to timely post-judgment injuries and does not seek duplicate recovery in the Nebraska and Minnesota actions.

18. Plaintiff acknowledges that the Court will determine the legal effect of the prior judgment, applicable limitations periods, immunity, and any other threshold defense. This disclosure is made to permit that determination on a complete record.

## FACTUAL ALLEGATIONS

19. The Douglas County records supplied by Plaintiff identify a 1997 criminal proceeding, State v. Tracy L. Holmes, old case number 140944, and later probation-related proceedings. The public exhibits omit charging pages that could identify a minor and include only redacted or non-identifying docket extracts relevant to the duration dispute.

20. Plaintiff alleges that he historically understood the registration period to be shorter than the date now communicated by Nebraska. The Court records and this complaint do not state that the 1999 probation matter was dismissed; the supplied docket reflects later probation proceedings and confinement.

21. On April 21, 2026, Plaintiff asked Nebraska Sex Offender Registration staff what his end date would be if he moved back to Omaha.

22. On April 22, 2026, Nebraska staff replied that Plaintiff was "still 25 year" with a current end date of July 17, 2031, unless he had been convicted of another sex offense since leaving Nebraska. A redacted copy is included in the public exhibits.

23. As background, an August 6, 2026 letter from the Minnesota Bureau of Criminal Apprehension reports that Nebraska advised Minnesota in 2014 that Plaintiff was required to register for life and, on August 18, 2020, supplied records reflecting an end date of May 5, 2031.

The same letter reports that Nebraska changed the end date to July 17, 2031 on November 13, 2025 based on alleged noncompliance and confirmed that date on August 5, 2026. Plaintiff alleges that the 2025-2026 change was not accompanied by an itemized calculation identifying the alleged noncompliance periods, source records, legal basis, or review procedure.

24. Plaintiff alleges that he has not been convicted of another sex offense after leaving Nebraska. He disputes the July 17, 2031 date and contends that the communication did not identify the start date, tolling periods, dates of alleged noncompliance, statutory provision, source records, decisionmaker, or method of calculation.

25. Plaintiff alleges that he requested court records, registry records, explanations, and correction. He says the responses did not provide a final written decision with findings, supporting evidence, and instructions for an administrative appeal or hearing.

26. Plaintiff's original source materials and July 27, 2026 demand identify Douglas County Sheriff personnel and Nebraska correctional-records personnel as custodians or users of records concerning his sentence, release calculations, registration term, and later modifications. Plaintiff alleges that his requests for complete, certified source records and audit information remain unresolved or incomplete.

27. Plaintiff alleges that correctional records concerning his August 1, 2001 escape sentence contain or have contained conflicting entries, including a twenty-month sentence reflected in court materials and an eighteen-month correctional entry and/or altered release-date information. Plaintiff alleges on information and belief that Lewien, whom his prior demand identified as a warden and records official, participated in, approved, maintained, or later refused to correct disputed correctional data. The presently supplied documents do not independently identify who made the original data change or when. To the extent any original change predated the prior

federal judgment, it is pleaded as background; the claim asserted here concerns post-judgment maintenance, communication, refusal to correct, and any personal post-2021 conduct established through discovery.

28. Plaintiff alleges that Douglas County Sheriff records are relevant because county sheriffs receive, verify, and transmit registration updates under Nebraska law. Plaintiff seeks production and correction of any current Douglas County record that materially conflicts with the controlling judgment or with the Nebraska State Patrol's present end-date calculation. The claim against Hanson is limited to prospective official-capacity relief and does not assume personal involvement in historical record creation.

29. Plaintiff's source materials further allege that Omaha Police Department personnel used or communicated a disputed offense description or registration characterization during Plaintiff's contacts with Omaha. Plaintiff's July 27, 2026 demand expressly named Chief Schmaderer and requested preservation and correction of relevant government records. Plaintiff seeks only prospective production, preservation, and correction of any Omaha Police Department record currently maintained that materially misstates the conviction or registration status, and does not seek respondeat-superior damages from Schmaderer.

30. Plaintiff alleges that the challenged Nebraska record is currently transmitted, consulted, or relied upon by Minnesota officials, creating present reporting, travel, housing, employment, and reputational burdens.

31. Plaintiff sent or prepared an administrative challenge requesting an itemized calculation and review. The accompanying filing guide instructs him to send that challenge first when practicable, preserve proof of delivery, and continue complying with all existing requirements unless written relief is issued.

32. The alleged lack of itemized notice and review is ongoing. Plaintiff seeks a lawful determination based on the controlling records, not a declaration that the absence of his name from a public website alone ends a nonpublic registration duty.

33. Plaintiff alleges emotional distress, loss of opportunities, travel and residence restrictions, and out-of-pocket costs resulting from the post-judgment determination. In earlier correspondence and preliminary materials, Plaintiff stated conflicting damages figures, including $450,500,000 in connection with the Nebraska matter and $90,000,000 in connection with the Minnesota matter. Plaintiff withdraws those earlier figures and corrects his asserted aggregate valuation across the related Nebraska and Minnesota matters to $420,500,000.00. Plaintiff derives that figure from his stated calculation of $500,000.00 x 29 x 29 = $420,500,000.00 and describes the two 29-year factors as 29 years of allegedly unlawful registration and 29 years of resulting damages. The $420,500,000.00 figure is Plaintiff's asserted aggregate valuation only, is not sought separately in each action, and does not permit double recovery. Plaintiff seeks only damages that are timely, nonduplicative, supported by admissible proof, legally recoverable, and properly apportioned, subject to causation, limitations, immunity, and other governing restrictions.

## COUNT I - PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

34. Plaintiff incorporates the preceding paragraphs to the extent consistent with the limited scope stated above.

35. Plaintiff alleges that the challenged post-2021 calculation and its interstate consequences alter or burden his present legal status and liberty interests.

36. Plaintiff alleges that the calculation depends on adjudicative facts-such as particular periods of noncompliance, dates, credits, and source records-that are disputed and material to the end date.

Plaintiff alleges that Defendants with custody, control, maintenance, or communication responsibilities for the challenged calculation or materially relevant source records maintained, used, or communicated disputed information without adequate notice of the material facts and without a meaningful opportunity to contest them before a neutral decisionmaker.

37. Plaintiff alleges that the resulting deprivation is ongoing and that prospective relief can require a written, itemized determination and a constitutionally sufficient review process without invalidating the conviction or preventing enforcement of a lawful registration term.

## COUNT II - DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF

An actual controversy exists concerning the process used to calculate, maintain, communicate, and review the July 17, 2031 end date and concerning the accuracy and continuing use of correctional, sheriff, and municipal source records that allegedly affect that determination.

38. Plaintiff seeks a declaration limited to whether the post-2021 notice and review procedures satisfy federal due process and whether Defendants may continue to rely on any unitemized noncompliance extension without constitutionally adequate process.

39. Plaintiff seeks prospective relief directing the appropriate official to provide the calculation, source records, legal authority, findings, and a meaningful avenue of review. Plaintiff does not request an injunction authorizing noncompliance with a valid existing duty.

## PRAYER FOR RELIEF

A. Accept jurisdiction over the timely post-judgment federal claims;

B. Declare the rights and obligations of the parties concerning the post-2021 calculation and review process;

C. Order the appropriate Nebraska State Patrol, Nebraska Department of Correctional Services, Douglas County, and Omaha officials, according to their respective custody or control, to produce or identify the controlling calculation and source records, including the start date, end date, every period added or tolled, the factual basis, source record, legal authority, decisionmaker, available review procedure, and any available audit trail showing a material correctional-record change relevant to the present registration calculation;

D. Order correction and notice to receiving agencies of any material record inaccuracy established through lawful review;

E. Grant narrowly tailored prospective relief preventing reliance on a disputed extension that is unsupported by the required process, while leaving any independently valid registration obligation in effect;

F. Award nominal and compensatory damages against any proper individual-capacity defendant in an amount proved at trial, with Plaintiff stating a corrected aggregate valuation of $420,500,000.00 across the related Nebraska and Minnesota matters, and award punitive damages only if the governing standard is proved;

G. Avoid any double recovery between this case and the related Minnesota case;

H. Award taxable costs and other relief authorized by law; and

I. Grant such further relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Dated: 9/11/26

Respectfully submitted,

/s/ ______________________

TRACY L. HOLMES, Plaintiff Pro Se
Mailing address: c/o PettyLawsuit, 740 East 17th Street
City/State/ZIP: Minneapolis, Mn 55404
Telephone: (612) 475-3274
Email: tracyholmes705@gmail.com
Current residence/county: Hebnnepin

Sent via PettyLawsuit.com
Documented dispute notice

**TRACY HOLMES**
c/o PettyLawsuit, 99 Wall Street #3330, New York, NY 10005

# DEMAND LETTER

July 27, 2026

State Of Nebraska Governor Officials/Jim Pilen, State Of Nebraska Officials , Attorney General Office Officials/ At

**RE: DEMAND FOR PAYMENT - CASE #C52EE8A5**

Dear Governor Jim Pillen, Attorney General Mike Hilgers, Douglas County Attorney Don W. Kleine, Sheriff Aaron Hanson, Chief William Niewmack, Captain Tim Owens, Superintendent Bryan Waugh, Manager Andi Hart, Warden and Records Official Barb Lewien, Chief Todd Schmaderer, and Other Identified State, County, and Municipal Officials:

This correspondence is sent without prejudice for the purpose of demanding correction of my sex offender registration and related correctional records, cessation of any allegedly unauthorized registration requirement, production of supporting records, and compensation for the resulting harm.

**FACTS:**

- On or about August 13, 1997, a criminal case was brought against me in Omaha, Nebraska 68102. The case was then under the authority of Douglas County Attorney James S. Jenson.
- On or about August 17, 1997, the original charge of Sexual Assault of a Child was amended or dismissed pursuant to a plea agreement. I entered a plea to Sexual Contact rather than Sexual Assault of a Child.
- The plea was based, in part, on the complainant's statement that the sexual activity was consensual and did not involve forcible entry. I expressly dispute any record suggesting that I was convicted of Sexual Assault of a Child.
- I was sentenced to 18 months of probation and a 10-year sex offender registration term.
- I did not violate probation. A later alleged sex offender registration violation was dismissed by Judge Davis in the Douglas County District Court in or around 2001.
- Pursuant to a separate plea agreement concerning an escape charge, I served approximately 20 months in prison. I contend that this sentence did not convert my original 10-year registration term into lifetime registration.
- Despite the aforementioned orders and plea agreements, State, County, correctional, law enforcement, and registration officials have allegedly required me to register for approximately 29 years without producing a valid court order imposing lifetime registration.
- I further contend that my records have been altered or reported inconsistently, including changes to my release dates, the description of my underlying conviction, and the length of my escape sentence from 20 months to 18 months.
- I have previously been removed from national, Nebraska, Minnesota, or local registration lists. Nevertheless, I received an email from Nebraska Sex Offender Registration Manager Andi Hart stating that I would again be required to register if I returned to Nebraska.
- My requests to the Douglas County Sheriff's records personnel and Nebraska correctional records personnel for documents establishing my original sentence, release date, registration term, and any subsequent

modification have not been adequately answered.

- I contend that the continuing registration requirement has been imposed under the wrong or closed conviction, without a current classification or level, and without a judicial order authorizing lifetime registration.
- I also contend that Omaha Police Department personnel have harassed me during visits to Omaha. In one incident, Officer Harper allegedly told my wife that I was a rapist, made inappropriate personal advances toward her, and left his card with her.
- I have attempted to resolve these matters through direct communications, but the disputed registration status and allegedly inaccurate records have not been fully corrected.
- These assertions are based upon the court orders, plea records, registration records, correctional records, correspondence, and other evidence presently available to me. I request preservation of all related documents, emails, database entries, audit logs, recordings, and communications.

**LEGAL BASIS:**

- The foregoing conduct may support claims under applicable federal constitutional and civil rights law, including claims concerning Procedural Due Process, Substantive Due Process, Equal Protection, reputational harm accompanied by alteration of legal status, and enforcement of requirements allegedly unsupported by a valid judgment or court order.
- Any relief sought will depend upon the controlling statutes, the contents of the original judgment and plea agreement, subsequent court orders, applicable limitation periods, available immunities, proper defendants, jurisdiction, and the remedies authorized by the court.
- Because the Court information supplied for this demand does not identify a state, this letter does not assert state-specific statutory citations or infer a governing state solely from the location of the underlying events.
- I reserve the right to seek declaratory or injunctive relief in a court possessing jurisdiction to determine whether the disputed registration requirement is lawful and to order correction of inaccurate government records.
- I also reserve the right to pursue any available claim for damages against persons or entities that knowingly maintained, altered, communicated, or enforced inaccurate information without lawful authority.
- Nothing herein concedes the applicability of Sovereign Immunity, Qualified Immunity, any notice requirement, any statute of limitations, or any other defense. All such matters are expressly reserved for determination under controlling law.
- This letter does not demand the arrest, prosecution, disbarment, or incarceration of any person. Decisions concerning criminal prosecution or professional discipline rest exclusively with the authorities possessing lawful jurisdiction.

**DAMAGES:**

- I claim substantial financial, reputational, emotional, and liberty-related harm arising from approximately 29 years of allegedly unauthorized registration and inaccurate classification.
- My stated valuation is $500,000 per year x 29 years, which equals $14,500,000.
- I have additionally stated a total demand of $450,500,000. That figure is not mathematically established by the preceding annual calculation and therefore remains subject to documentation, clarification, expert analysis, statutory restrictions, and proof.
- Claimed damages include alleged loss of employment and financial opportunities, restrictions on travel and residence, reputational injury, emotional distress, mental anguish, interference with family relationships, and costs associated with responding to the disputed registration requirement.

- I reserve the right to amend the amount sought as records and evidence become available. No amount stated herein constitutes a concession concerning the jurisdictional limit of any court, including the County Court of Douglas County.

**DEMAND:**

- No later than August 10, 2026, provide a complete certified copy of every judgment, sentencing order, plea agreement, registration determination, classification record, release calculation, and modification allegedly authorizing registration beyond the original 10-year term.
- Identify the precise conviction, court order, statute, classification, and registration expiration date upon which any present or future registration requirement is based.
- Immediately suspend any registration demand that cannot be supported by a valid judgment or other lawful authority.
- If no valid lifetime registration order exists, remove my name and identifying information from all applicable registries and issue written confirmation that I am not required to register.
- Correct all inaccurate records concerning my offense of conviction, registration term, sentence, release dates, and the disposition of any alleged probation or registration violation.
- Preserve and produce relevant database audit trails showing who changed my conviction, sentence, release date, registration term, classification, or registry status, together with the dates and stated reasons for each change.
- Issue a written correction to every agency or third party that received materially inaccurate information concerning my conviction or registration status.
- Compensate me for legally recoverable and adequately documented damages. My present demand is $450,500,000, subject to the calculation and proof qualifications stated above.
- Alternatively, propose a written settlement that provides prompt record correction, registry removal if legally warranted, reimbursement or credit for documented direct financial losses, appropriate compensation, and enforceable assurances against future unauthorized registration.
- If you contend that any portion of this demand was sent to an incorrect official or agency, promptly forward it to the responsible office and identify that office in writing.

**CONSEQUENCES OF NON-RESPONSE:**

- If I do not receive a substantive written response by August 10, 2026, I may commence appropriate proceedings in the County Court of Douglas County, subject to that court's jurisdictional and remedial authority, or in another court possessing proper subject-matter jurisdiction.
- Any filing may seek available monetary, declaratory, or injunctive relief, correction of government records, allowable costs, and any other remedy authorized by controlling law.
- The amount demanded may exceed the monetary jurisdiction of a small claims or county court. I therefore reserve the right to reduce the claim, separate legally distinct claims where permitted, or file in another court with appropriate jurisdiction.
- Failure to preserve relevant records after receipt of this letter may be raised in any subsequent proceeding to the extent permitted by applicable law.
- This letter is sent without prejudice and for settlement purposes. Nothing herein waives any claim, remedy, objection, or right. All rights are expressly reserved.

**HOW TO RESPOND:**

- Reply directly to this email, if received via email.
- Email me at: tracyholmes705@gmail.com
- Write to: Tracy Holmes, c/o PettyLawsuit, 99 Wall Street #3330, New York, NY 10005

Sincerely,

Tracy Holmes
c/o PettyLawsuit
99 Wall Street #3330
New York, NY 10005

**RESPONSE DEADLINE: Monday, August 10, 2026**

# EVIDENCE ATTACHMENTS

## Communication

Search Public Sex Offender Registries

**Search Public Sex Offender Registries** +

**Services Down**

The following jurisdiction(s): Alaska are temporarily unavailable. Please try again later.

**Showing Results For:**

**First Name:** Tracy, **Last Name:** Holmes,
**State/Territory:** All, **Indian Country:** All
Search performed 7/26/2026, 10:52:09 AM Central Daylight Time

Print

Show All entries

Showing 1 to 1 of 1 entries

| Offender | Age | Aliases | Address |
|---|---|---|---|
| HOLMES, TRACY S  | 42 | HOLMES, TRACY S HOLMES, TRACY SPENCER | 1236 E WARNIMONT AVE MILWAUKEE, WI 53207 MILWAUKEE RESIDENCE |

Showing 1 to 1 of 1 entries

Top

## Documentation

DEPARTMENT OF CORRECTIONS

Public Registrant Search

### Public Registrant Search Results

#### General Information

The Minnesota Department of Corrections discloses information on this website regarding individuals who are required to register under Minnesota Statutes 243.166 or 243.167 who are also subject to public notification according to Minnesota Statutes 244.052 or 253D.32. The law enforcement agency responsible for disclosing information determines, on a case by case basis, what information to disclose. The Minnesota Department of Corrections posts information to this website within 48 hours of receiving authorization from law enforcement.

For information on the notification process or questions you might have about community notification, contact the DOC's Community Notification Unit at (651) 361 7340, toll free (866) 396 9553 or send an email to notification.doc@state.mn.us. You can expect a response within 24 hours during normal business hours.

Visit the Department of Corrections website to view a Fact Sheet that describes the Community Notification Act and how levels are assigned.

#### Search Results

Your search returned 0 registrants subject to public notification. Click on any name for more information about the registrant.

New Search Refine Search

Sort Listing By Sort

| Name | Move Date | Action |
|---|---|---|

No data to display

Minnesota Department
1450 Energy Park Drive, Suite 200
Saint Paul, Minnesota 55108
**Community Notification Information**
Phone 651-361-7340 or 866-396-995
Information.

## EVIDENCE ATTACHMENTS (continued)

### Documentation




### Documentation



## Communication



Do[illegible]

September 5, 2007

Tracy L. Holmes, 55708
PO Box 22800
Lincoln NE 68542-2800

Dear Mr. Holmes

It looks to me that your original sentence of probation was for sexual assault on a child. A violation of probation was filed and you were sentenced to 10 months, with 52 days credit. That sentence was given on 2/19/98 by Judge Burkhard at Docket 140-944.

Docket 153-187 the Violation of the Sexual Registration Act was dismissed by Judge Davis on 7/31/01 as a plea agreement.

On 8/1/01 you were sentenced at Docket 153-186 to 20 months concurrent with the sentence at 140-944, both sentences to be served at the Nebraska Penal Complex.

I hope this [illegible]tion is what you are looking for

Sincerely,

Michelle [illegible]
Staff



## Communication



You are still 25 year unless you have been convicted of another sex offense since leaving Nebraska.

Respectfully,

Andi Hart
*State Patrol Program Manager*
*SEX OFFENDER REGISTRY*

Nebraska State Patrol
Lincoln, NE
Office 402-471-8640
SOR Main office 402-471-8647
Fax 402-471-8496
andi.hart@nebraska.gov
nsp.sor@nebraska.gov
statepatrol.nebraska.gov

PLEASE NOTE - SEND ALL REGISTRATIONS AND PHOTOS TO: nsp.sor@nebraska.gov

Confidentiality Notice: This e-mail including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited unless specifically provided under the Nebraska Public Records Act.

## Communication




## Communication



You are still 25 year unless you have been convicted of another sex offense since leaving Nebraska.

Respectfully,

Andi Hart
*State Patrol Program Manager*
*SEX OFFENDER REGISTRY*

**Nebraska State Patrol**
Lincoln, NE
Office 402-471-8640
**SOR Main office 402-471-8647**
Fax 402-471-8496
**andi.hart@nebraska.gov**
**nsp.sor@nebraska.gov**
**statepatrol.nebraska.gov**

**PLEASE NOTE - SEND ALL REGISTRATIONS AND PHOTOS TO: nsp.sor@nebraska.gov**

Confidentiality Notice: This e-mail including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited unless specifically provided under the Nebraska Public Records Act. If you are not the intended recipient, please contact the sender and

Share screen with Live

Ask Gemini

# EVIDENCE ATTACHMENTS (continued)

## Communication



[redacted]

Done

September 5, 2001

Tracy L. Holmes 53706
PO Box 22500
Lincoln NE 68542-2500

Dear Mr. Holmes

It looks to me that your original sentence of probation was for sexual assault on a child. A violation of probation was filed and you were sentenced to 10 months, with 52 days credit. That sentence was given on 2/10/99 by Judge Burchard at Docket 140-644.

Docket 153-187 the Violation of the Sexual Registration Act was dismissed by Judge Davis on 7/31/01 as a plea agreement.

On 8/1/01 you were sentenced at Docket 158-188 to 20 months concurrent with the sentence at 140-644, both sentences to be served at the Nebraska Penal Complex.

I hope this information is what you are looking for.

Sincerely,

Michelle Holtz
Bail

35

Try out the tools first, then start a 7-day free trial to save your edits

Free trial

Add text Add image

## Communication



You are still 25 year unless you have been convicted of another sex offense since leaving Nebraska.

Respectfully,

Andi Hart

*State Patrol Program Manager*

*SEX OFFENDER REGISTRY*

Nebraska State Patrol

Lincoln, NE

Office 402-471-8640

SOR Main office 402-471-8647

Fax 402-471-8496

andi.hart@nebraska.gov

nsp.sor@nebraska.gov

statepatrol.nebraska.gov

PLEASE NOTE - SEND ALL REGISTRATIONS AND PHOTOS TO: nsp.sor@nebraska.gov

Confidentiality Notice: This e-mail including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited unless specifically provided under the Nebraska Public Records Act. If you are not the intended recipient, please contact the sender and

Share screen with Live

Ask Gemini

IT IS SO ORDERED.

DATED this 1 day of Aug, 2001.

BY THE COURT:

STEPHEN A. DAVIS
DISTRICT COURT JUDGE

FILED
JOURNAL CLERK
AUG 02 2001
CLERK DISTRICT COURT

The District Co... of Nebraska
FOURTH JUDICIAL DISTRICT
CHAMBERS OF JUDGE STEPHEN A. DAVIS, HALL OF JUSTICE
OMAHA, NEBRASKA 68183

MICHELLE HOBZA
BAILIFF

ANN D. STOREY
REPORTER

September 5, 2001

Tracy L. Holmes, 55706
PO Box 22800
Lincoln NE 68542-2800

Dear Mr. Holmes:

It looks to me that your original sentence of probation wa assault on a child. A violation of probation was filed and you were 10 months, with 52 days credit. That sentence was given on 2/10 Burkhard at Docket 140-944.

Docket 153-197 the Violation of the Sexual Registrati dismissed by Judge Davis on 7/31/01 as a plea agreement.

On 8/1/01 you were sentenced at Docket 153-198 to concurrent with the sentence at 140-944, both sentences to be s Nebraska Penal Complex.

I hope this information is what you are looking for.

Sincerely,

Find out how long I served on 140-944 in jail

Michelle Hobza
Bailiff

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TRACY L. HOLMES PETITIONER, | ) | DOCKET 153-198 ALSO 140-944 |
| VS. | ) | MOTION OF CONTEMPT |
| STATE OF NEBRASKA WARDEN OF NEBRASKA STATE PENAL COMPLEX KENNY HOPKINS, | ) | |

File. R.V.B.

Exhibit

1:19 5G+

Nebraska Inmate Deta...
dcs-inmatesearch.ne.gov

PS this is Proof

NEBRASKA
DEPT OF CORRECTIONAL SERVICES

DCS Home
Nebraska Home
Victim Services

Start a New Search Back To Results

DCS ID: 55706 -- TRACY HOLMES

Demographics

*Committed Name*
Last:HOLMES First:TRACY Middle:L Suffix: Click for Photo
*Legal Name*
Last: First: Middle: Suffix:
*Details*
Gender:MALE Race:BLACK Date of Birth:08/14/1973
Facility:

Sentence Information

*Sentence Dates*
Facility:
Total Sentence:0 Years 0 Months 0 Days To 1 Years 8 Months 0 Days
Sentence Begin Date:08/01/2001 Good Time Law:364 Projected Release Date:06/15/2002

*Parole Information*
Parole Eligibility Date:08/01/2001 Parole Hearing Date:
Parole Discharge Date: Parole Discharge Type:

*Release Information*
Release Date:06/15/2002 Reason for Release:MANDATORY DISCHARGE
Release Information Comments:

Offense Information

| Description | Run Code | Offense Term Minimum | Offense Term Maximum | County of Commitment |
|---|---|---|---|---|
| ESCAPE Felony - - | CC | 0 Yr 0 Mo 0 Da | 1 Yr 8 Mo 0 Da | DOUGLAS |

**Disclaimer**

*Neither the Nebraska Department of Correctional Services, nor any officer or employee of the Department of Correctional Services, nor the State of Nebraska makes any express or implied warranty regarding documents on this server. Although every effort has been made to ensure the accuracy of the information, neither the Nebraska Department of Correctional Services, nor any officer or employee of the Department of Correctional Services, nor the State of Nebraska assumes any liability for the accuracy of information contained herein. Any questions regarding the accuracy of the information contained on this website should be submitted to Records Administrator, Department of Correctional Services, PO Box 94661, Lincoln NE 68509*

I have ~~on~~ been to State prison one ~~time~~ time and the State Patrol and County attorney has tamper with my Prison Sentence when I only did 20 months time for Escape and not rape.

# ADDITIONAL PDF DOCUMENTS

This demand letter includes additional PDF documents as evidence.

To view these documents securely, please:

1. Scan the QR code below with your phone camera
2. Sign in with your email to verify your identity
3. View and download the PDF evidence documents

Or visit:

**https://pettylawsuit.com/evidence/7e737ee51500e919c21d4f3543b4ea7245c3d09a38ac8e4d30f2d95b73e2f36f**

Included PDF Documents:

1. Gmail.pdf
2. COURTDOC.PDF.pdf
3. COURTDOC (5).PDF
4. COURTDOC-3 (1).PDF
5. COURTDOC (4).PDF
6. COURTDOC (2).PDF
7. COURTDOC-3.PDF
8. Gmail.pdf
9. COURTDOC (4).PDF
10. COURTDOC (6).PDF
11. COURTDOC-3.PDF

Minnesota BCA Bureau of Criminal Apprehension

# Weekly Check-In Form

## For Offenders Lacking a Primary Address

## 203972

DEPARTMENT OF PUBLIC SAFETY STATE OF MINNESOTA

**TRACY LEE HOLMES SR — ID: 2006POR017883 — DOB: 08/14/1973**

**POR Tennessen Warning**

You are being asked to provide private data about yourself including possibly having your photograph, fingerprints, and DNA sample taken. You are receiving this notice so that you will understand how the data will be used and who will have access to it. The data are being collected to monitor your compliance with the Predatory Offender Registration statute M.S. §§243.166 and 243.167. You are required to provide the requested information not marked as optional including your Social Security number (Adam Walsh Child Protection and Safety Act, 34 U.S.C. §20911 et. seq.). Failure to provide the information, have your photograph, fingerprints, or DNA sample taken, or providing false information, can result in a criminal penalty, incarceration, no early release from that incarceration and an extension of the time during which you must register. Data collected from you is provided to law enforcement, the Bureau of Criminal Apprehension, the National Sex Offender Registry (for all authorized uses), and to a prosecutor for a failure to register violation. It may be provided to a health care facility that will be providing you with inpatient care, to a home care provider, or to the public authority responsible for collecting child support enforcement. Information may also be released to the MN Department of Human Services for a background check or to state-operated services if you are civilly committed; to child protection workers conducting a family assessment, the Legislative Auditor, the State Auditor, to others authorized by state or federal law to have access to the information and by court order.

**Check-In Information**

| | |
|---|---|
| **Date of Check-In** | 08/28/2026 |
| **Law Enforcement Agency** | MINNEAPOLIS POLICE DEPARTMENT |
| **Agency Contact Telephone Number** | (612) 673-3634 |

**Registrant Information**

| | |
|---|---|
| **Next Check-In Date** | 09/04/2026 |

**Homeless location description for next week described as specifically as possible**

Homeless In MINNEAPOLIS, MN 55415 HENNEPIN Homeless in the area of downtown shelters.
in MINNEAPOLIS, MN

I understand that I must report to your agency on a weekly basis until I secure a primary address. If I move to a new jurisdiction, I must report to the law enforcement agency in that jurisdiction within 24 hours. If I obtain a primary residence, I must complete a Change of Information form immediately. Failure to do so could result in new felony charges. Verification letters will be mailed to the law enforcement agency that has jurisdiction.

**Registrant Signature** [signature] **Date** 8/28/26

If completed form cannot be submitted electronically, then submit by email, fax or mail.

Email: dps.mnregistry@state.mn.us
Fax: (651) 793-7071
Mail: BCA POR UNIT
1430 Maryland Ave E
St Paul, MN 55106

Illegal activity

| STATE OF NEBRASKA<br>FORM NO. 6:9 1/98 Rev.<br>. 29-4007 | SEX OFFENDER REGISTRATION NOTICE | CASE NUMBER<br>140-944 |
|---|---|---|

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

State of Nebraska

vs.

TRACY L. HOLMES

Defendant

**NOTIFICATION OF REGISTRATION RESPONSIBILITIES UNDER NEBRASKA SEX OFFENDER REGISTRATION ACT**

FILED FEB 10 1999

**NOTICE TO DEFENDANT:**

Your conviction or guilty plea has caused you to be subject to the Nebraska Sex Offender Registration Act. Unless you are incarcerated in a jail, penal facility, or other public or private institution, as a sex offender you have a duty to register under the Act. That duty begins within five (5) working days after you have been convicted or entered a guilty plea and sentenced, unless you were incarcerated. If you were incarcerated, the duty to register begins within five (5) working days after your release from incarceration. The duty to register exists throughout any period of probation or parole and continues for at least ten (10) years following your most recent date of discharge from probation, parole, or incarceration. No lifEtime restraint was given by the CurT.

To register, you must appear in person at the office of the county sheriff in the county where you reside or where you are temporarily domiciled to complete a form approved by the Nebraska State Patrol. Bring a copy of your probation order, if applicable. If you change your address, you must, within five (5) working days, notify the same sheriff's office in writing of your new address. If you have changed your county the sheriff will forward the information to the sheriff in your new jurisdiction within five (5) working days of receipt of the information. Regulations require you to re-register with the sheriff of your new jurisdiction. If you move out of Nebraska, federal law requires you to register in your new state. Check with your new state on their registry requirements. Your registration information will be verified annually by the Nebraska State Patrol and you will be required to cooperate by completing and returning residence verification forms to the Patrol within ten (10) working days of receipt.

If you have been determined to be a sexually violent offender, your duty to register will continue for at least ten years and until the sentencing court determines that you are no longer required to register. As a sexually violent offender, you will be required to verify your registration every three (3) months after your initial registration.

Failure to comply with the provisions of the Nebraska Sex Offender Registration Act may result in a conviction of a Class IV Felony, unless the act which caused you to be placed on the registry was a misdemeanor, in which case a violation of the Act is a crime of the same class or within the same penalty range as your original crime.

I acknowledge that I have read my duty to register and I understand my obligations under the act. I understand ~~that I (☐ have~~, ☒ have not) been determined to be a sexually violent offender.

Tracy Holmes — Signature of Defendant

5804 north 24th Street ~~3025 North 30th Street, #23~~, Omaha, NE 68110 — (Street, City, State, Zip Code)

DATED this 10th day of February ~~January~~ 19 99. D.O.B. 08 / 14 / 73

(Original - Court) ✓
(Copy - Defendant)
(Copy - Probation)
(Copy - County Attorney)
(Copy - Sheriff of Defendant's Residence)
(Copy - Nebraska State Patrol, Sex Offender, Box 94907, Lincoln, NE. 68509)
(☒ Y, ☐ N - Incarceration) (☐ Y, ☒ N - Probation)

Robert Burkhard
JUDGE - ~~CLERK OF COURT~~

FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

FEB 10 1999

RUDY J. TESAR
CLERK DISTRICT COURT

Dist. App. Doc.

**The District Court of Nebraska**
FOURTH JUDICIAL DISTRICT
CHAMBERS OF JUDGE STEPHEN A. DAVIS, HALL OF JUSTICE
OMAHA, NEBRASKA 68183

MICHELLE HOBZA
BAILIFF

ANN D. STOREY
REPORTER

facts

September 5, 2001

Tracy L. Holmes, 55706
PO Box 22800
Lincoln NE 68542-2800

Dear Mr. Holmes:

It looks to me that your original sentence of probation was for sexual assault on a child. A violation of probation was filed and you were sentenced to 10 months, with 52 days credit. That sentence was given on 2/10/99 by Judge Burkhard at Docket 140-944.

Docket 153-197 the Violation of the Sexual Registration Act was dismissed by Judge Davis on 7/31/01 as a plea agreement.

On 8/1/01 you were sentenced at Docket 153-198 to 20 months concurrent with the sentence at 140-944, both sentences to be served at the Nebraska Penal Complex.

I hope this information is what you are looking for.

Sincerely,

Find out how long I served on 140-944 in jail

Michelle Hobza
Bailiff

PS. i was Sentence to 20 Months and not 18 Months

Illegal Activity

RUDY J. TESAR
Clerk of the District Court
DOUGLAS COUNTY
BARBARA A. CARPENTER, CHIEF DEPUTY
HALL OF JUSTICE / OMAHA, NEBRASKA 68183

for Ex appt only due to 153-198 a plea agrement to prison

February 7, 2002

Mr. Tracy Holmes #55706
P. O. Box 2500
Lincoln, Nebraska 68542-2500

RE: Credit for Time Served, Letter dated 1-30-02

Dear Mr. Holmes:

We have today filed your letter and Motion to Modify Sentence. Our office is only a filing office with no authority to declare how or if your sentence has been commuted properly by the Department of Corrections. Your letter and Motion will be sent to a District Court Judge, and it will be up to that Judge to decide if any further paperwork needs to be sent to the Department of Corrections. We have filed your motion on docket 153, page 198, since this is the case that has the 20 month sentence by Stephen Davis.

Very truly yours,

Barbara A Carpenter

BARBARA A. CARPENTER
Chief Deputy

file.

FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
FEB 07 2002
RUDY J. TESAR
CLERK DISTRICT COURT

Illegal Activity

001156936D01

THEY reopend my case with a ~~cort~~ court order or Petition to do so it tampering with court paperwork

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, Plaintiff, | ) | NEW case# without a Court Petition or order unlawful<br>CASE NO. CR10-9053335<br>161-097 |
| vs. | ) | **AMENDED NOTICE OF HEARING** |
| TRACY L. HOLMES, Defendant. | ) | |

On the Court's Motion the Motion to Set Aside Criminal Conviction previously scheduled on June 15, 2015 at 2:30 p.m. is **rescheduled to July 6, 2015 at 2:30 p.m. due to a conflict on the Court's calendar.**

IT IS THEREFORE ORDERED, that the Motion to Set Aside Criminal Conviction in the above referenced matter is hereby reset for **July 6, 2015 at 2:30 p.m.**, in Courtroom No. 411 on the Fourth Floor of the Hall of Justice.

DATED this 10th day of June, 2015.

BY THE COURT:

J Russell Derr
District Court Judge

cc: Tracy Holmes
cc: County Attorney

#21 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
JUN 10 2015
JOHN M. FRIEND
CLERK DISTRICT COURT

I

PS. the refuse to let me go back to court and set it aside they kept rejecting my Petition. MY CASE.

Illegal Activity none court Order to change my case # not by petition to do so in 2001

001149107D01

IN THE DISTRICT (County or District Court) COURT OF DOUGLAS (County where original action was filed) COUNTY, NEBRASKA

CR10-9033281

| | |
|---|---|
| THE STATE OF NEBRASKA, Plaintiff, vs. TRACY L. HOLMES (Your full name), Defendant | CASE NO. CR 140. 944. (Case number of original case) **PETITION TO SET ASIDE CRIMINAL CONVICTION** |

I, TRACY L. HOLMES (Your full name), the Defendant, file this Petition requesting that this Court grant me an Order setting aside my conviction in the above captioned action pursuant to Neb. Rev. Stat. § 29-2264. In support of this Petition, I show the Court as follows:

1. I was convicted of sexual assault on a child (Type of conviction) on the 23rd (Day) day of June (Month), 1997 (Year) and was sentenced to a term of probation, and/or ordered to pay a fine. No jail sentence was imposed.

#26 FILED IN DISTRICT COURT DOUGLAS COUNTY NEBRASKA JUN - 3 2015 JOHN M. FRIEND CLERK DISTRICT COURT

2. I successfully completed probation and/or paid all fines and costs in full.
3. Since the conviction in this case that I am asking to set aside, I have been convicted of the following:
   - [x] Nothing
   - [x] Later convictions are on attached sheet.
4. I have taken steps to become a productive member of my community and since the date of my last conviction identified above, I have been a law-abiding citizen.
5. I am asking the Court to set aside this conviction for the following reasons:

Because i have completed my sentence and that i have learned a reasonable lesson due to the conviction of the crime and i am not a threat to harm anyone i made a mistake by this and i am not that kind of person to harm anyone and i want to start a career in acting and it has played a great role in holding me back i was sentence to serve (ONLY) ten years on line but i served 8 years past it with not being retrial.

I request that the Court enter an Order setting aside my above conviction.

Signature [signature] Date 06/ 3/ 2015

TRACY L. HOLMES
Defendant (Your name)

TRACY L. HOLMES
Street Address/P.O. Box

823 3RD Ave # C, Council Bluffs Iowa 51501
City/State/ZIP Code

(402) 840-8159 — Phone
tholmes_73@yahoo.com — E-mail Address

Illegal Activity

I Never violated probation it was dismissed in 2001 due to a plead ageement to 20 months in prison for expe only

whether an application filed or a certificate issued under sections 81-1401 to 81-1414.10 should be denied, suspended, or revoked;

**(i)** Preclude proof of the conviction as evidence whenever the fact of the conviction is relevant to a determination of the registration period under section 29-4005; or

**(j)** Relieve a person who is convicted of an offense for which registration is required under the Sex Offender Registration Act of the duty to register and to comply with the terms of the act.

**(6)** Except as otherwise provided for the notice in subsection (1) of this section, changes made to this section by Laws 2005, LB 713, shall be retroactive in application and shall apply to all persons, otherwise eligible in accordance with the provisions of this section, whether convicted prior to, on, or subsequent to September 4, 2005.

[redacted] PS my violation of probation was thrown out in 2001 and Done after my jail sentence.

Due to his violation of probation in 1998, Defendant did not successfully complete the probation as is required by Neb. Rev. Stat. Sec. 29-264(2) and the Court is precluded from granting Defendant's Petition.

Defendant's Petition to Set Aside Criminal Conviction in this case is denied.

DATED THIS 18 DAY OF AUGUST, 2015

BY THE COURT:

J RUSSELL DERR
DISTRICT COURT JUDGE

Illegal Activity

no court order to open my case that was close since 2001

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | CR ~~10-9077352~~ 10-9033281 |
| | ) | ~~185-173~~ 140-944 |
| Plaintiff, | ) | **ORDER DISMISSING PETITION TO SET ASIDE CONVICTION** |
| vs. | ) | |
| TRACY LEE HOLMES, | ) | |
| Defendant. | ) | |

THIS MATTER CAME before the Court on Defendant's Petition to Set Aside a Conviction. There was no appearance by Defendant.

IT IS THEREFORE ORDERED, that Defendant's Petition to Set Aside a Conviction is dismissed.

DATED this 10th day of NOVEMBER, 2022.

you cant set a side a case unless you have a court order petition to a already closed case it unlawful

BY THE COURT:

J Russell Derr
District Court Judge

#6 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
NOV 10 2022
JOHN M. FRIEND
CLERK DISTRICT COURT

002540157D01

Tampering with Court paperwork

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

MM

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | CR 10-9033281 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TRACY L. HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

#23 FILED IN DISTRICT COURT DOUGLAS COUNTY NEBRASKA AUG 20 2015 JOHN M. FRIEND CLERK DISTRICT COURT

THIS MATTER CAME before the Court on July 6, 2015 on Defendant, Tracy L. Holmes Petition to Set Aside Criminal Conviction. Defendant appeared pro se and the State appeared through Deputy Douglas County Attorney, James Masteller.

Defendant was convicted of Sexual Assault of a Child, a Class IV Felony (it was an Amended Charge from the original charge of First Degree Sexual Assault on a Child, a Class II Felony), in 1977 and sentenced by Douglas County District Court, Judge Robert Burkhard to a period of Probation for 18 months.

Defendant was also found to have engaged in a Violation of Probation involving the same probation sentence in 1998 and was sentenced to 10 months in the Douglas County Correctional Center in 1999.

Defendant has petitioned the Court to set aside his 1977 conviction. tampering with the Court paperwork

Neb. Rev. Stat. § 29-2264 provides as follows: I was 4 years old.

**(1)** Whenever any person is placed on probation by a court and satisfactorily completes the conditions of his or her probation for the entire period or is discharged from probation prior to the termination of the period of probation, the sentencing court shall issue an order releasing the offender from probation. Such order in all felony cases shall provide notice that the person's voting rights are restored two years after completion of probation. The order shall include information on restoring other civil rights through the pardon process, including application to and hearing by the Board of Pardons.
**(2)** Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court or is sentenced to a fine only, he or she may, after

J00324242D01

MINNESOTA DEPARTMENT OF PUBLIC SAFETY

Received 04/15/2026

## Bureau of Criminal Apprehension

1430 Maryland Avenue E., St. Paul, Minnesota 55106
Phone: 651/793-7070 FAX: 651/793-7071 TTY: 651/282-6555
Internet: http://www.dps.state.mn.us/bca/

Alcohol & Gambling Enforcement

ARMER/911 Program

Bureau of Criminal Apprehension

Driver and Vehicle Services

Homeland Security and Emergency Management

Minnesota State Patrol

Office of Communications

Office of Justice Programs

Office of Traffic Safety

State Fire Marshal and Pipeline Safety

April 15, 2026

TRACY LEE HOLMES SR

Dear Mr. Holmes,

The Minnesota Bureau of Criminal Apprehension – Predatory Offender Registration (POR) Unit received your correspondence on 04/15/2026 regarding your registration period.

Per Minnesota Statute § 243.166 subd. 6, there is a minimum period of 10 years of registration from the date the offender initially registered. You initially started registering in Nebraska on August 19, 1997, and in Nebraska, you are required to register until July 17, 2031. Per Minnesota Statute § 243.166 subd. 6(e), you must register for the time period required by Nebraska.

If you have documentation showing different information regarding your Nebraska registration period, please submit that to the POR Unit, and we will review it.

At this time, your registration period will remain as August 19, 1997, to July 17, 2031.

Thank you,

#1306

Predatory Offender Registration Unit
Minnesota Bureau of Criminal Apprehension

Minnesota BCA Bureau of Criminal Apprehension

Received 04/15/2026

Unlawful Activity.

7:19 ⏻ M • 5G+

DEPARTMENT OF CORRECTIONS

# Public Registrant Search

## Public Registrant Search Results

No Restraint found

## General Information

The Minnesota Department of Corrections discloses information on this website regarding individuals who are required to register under Minnesota Statutes 243.166 or 243.167 who are also subject to public notification according to Minnesota Statutes 244.052 or 253D.32. The law enforcement agency responsible for disclosing information determines, on a case-by-case basis, what information to disclose. The Minnesota Department of Corrections posts information to this website within 48 hours of receiving authorization from law enforcement.

For information on the notification process or questions you might have about community notification, contact the DOC's Community Notification Unit at (651) 361-7340, toll free (866) 396-9953 or send an email to notification.doc@state.mn.us. You can expect a response within 24 hours during normal business hours.

Visit the Department of Corrections website to view a Fact Sheet that describes the Community Notification Act and how levels are assigned.

## Search Results

Your search returned 0 registrants subject to public notification. Click on any name for more information about the registrant.

New Search | Refine Search

**Sort Listing By** Sort

| Name | Move Date | Acti |
|---|---|---|

No data to display

Minnesota Department of Corrections
1450 Energy Park Drive, Suite 200
Saint Paul, Minnesota 55108
**Community Notification Information**
Phone:651-361-7340 or 866-396-9953
Information: notification.doc@state.mn.us

Illegal Activity tampering with courts paperwork

AP DOCKET 140 NO. 944

DISTRICT COURT
DOUGLAS COUNTY

THE STATE OF NEBRASKA

VS

TRACY L. HOLMES

WITNESSES

*D. CISAR #1042
OPD

* S. SPOMER #1116
OPD

TERESA WINDHAM

(Sexual assault was Amended)

AMENDED INFORMATION

C H A R G E

SEXUAL ASSAULT ON A CHILD

FILED: June 23rd 1997

RUDY J. TESAR, CLERK
BY: Brenda A. Pachalski
DEPUTY

RECORDED: JOURNAL 3774 PAGE 094

JAMES S. JANSEN
COUNTY ATTORNEY
AR#CW960321 RB#M21470
960000000

ASSIGNED TO JUDGE:
LCS:PB1 17410 AMENDED INF

MADE
6-24-97

INFORMATION

Illegal Activity

STATE OF NEBRASKA)
) SS
COUNTY OF DOUGLAS)

PS. sexual assalt was reduced to sexual contact consensual Beause we had ~~consensual~~ sex with no force.

OF THE JANUARY TERM of the District Court of the Fourth Judical District of the State of Nebraska, within and for the County of Douglas and the State of Nebraska in the year of our Lord one thousand nine hundred ninety seven, I, Linda Caster Senff, Deputy County Attorney, in and for the County of Douglas in the said State of Nebraska, who prosecutes for and in behalf of the said State, in the District Court of the said District, sitting in and for said County of Douglas, and duly empowered by law to inform of offenses committed in the said County of Douglas, come now here in the name and by the authority of the State of Nebraska, and give the Court to understand and be informed,

that on or about the 1st day of April, 1996,
thru the 1st day of May, 1996,
TRACY L. HOLMES

late of the county of Douglas and State of Nebraska, then and there being,

[ a person of nineteen years of age or older, did then and there subject Teresa Windham, a person of fourteen years of age or younger, to sexual contact, ]

PS i was never convicted of sexual assault. I took a plea agreement to sexual contact

contrary to the form and Statutes in such cases made and provided,and against the peace and dignity of the State of Nebraska,

Linda Caster Senff
Deputy County Attorney

10330 28-320.01 Class IV Felony

THE STATE OF NEBRASKA)
 ) SS.
COUNTY OF DOUGLAS )

I, Linda Caster Senff, Deputy County Attorney, being first duly Sworn, on oath depose and say that I know the contents of the foregoing information; that I have read the same, and the facts set forth in said information are true to the best of my knowledge and belief.

Linda Caster Senff

Subscribed in my presence and sworn to before me this 23rd day of June, 1997.

RUDY J. TESAR
CLERK of the District Court
By ______________________
Deputy

THE STATE OF NEBRASKA)
 ) SS.
COUNTY OF DOUGLAS )

I, RUDY J. TESAR, Clerk of the District Court, Fourth Judical District of the State of Nebraska, in and for Douglas County, do hereby certify that the foregoing is a full and true copy of the information in the case of The State of Nebraska vs. ______________________________

______________________ as appears from the original thereof, now on file and of record in the office of the Clerk of said Court.

WITNESS my signature and offical seal, this _____ day of ______________________ A.D., 19____.

RUDY J. TESAR
Clerk

By ______________________
Deputy

STATE OF NEBRASKA)
) SS
COUNTY OF DOUGLAS)

DOC: 140 PAGE: 944
INDEX: 347390
ATTY: D

RECEIVED THIS WRIT ON JUNE 24, 1997, AND THE SAME IS HEREBY RETURNED WITH NO FURTHER ACTION TAKEN, THE SUBJECT HEREIN HAVING PLEAD NOLO CONTENDERE ON JUNE 23, 1997.

Maureen Dorcey

DEPUTY MAUREEN DORCEY
AUTHORIZED AND APPOINTED BY TIMOTHY F. DUNNING, SHERIFF

NO FEE

Minnesota BCA Bureau of Criminal Apprehension

# Weekly Check-In Form

**For Offenders Lacking a Primary Address**
**204252**

## TRACY LEE HOLMES SR — ID: 2006POR017883 — DOB: 08/14/1973

**POR Tennessen Warning**

You are being asked to provide private data about yourself including possibly having your photograph, fingerprints, and DNA sample taken. You are receiving this notice so that you will understand how the data will be used and who will have access to it. The data are being collected to monitor your compliance with the Predatory Offender Registration statute M.S. §§243.166 and 243.167. You are required to provide the requested information not marked as optional including your Social Security number (Adam Walsh Child Protection and Safety Act, 34 U.S.C. §20911 et. seq.). Failure to provide the information, have your photograph, fingerprints, or DNA sample taken, or providing false information, can result in a criminal penalty, incarceration, no early release from that incarceration and an extension of the time during which you must register. Data collected from you is provided to law enforcement, the Bureau of Criminal Apprehension, the National Sex Offender Registry (for all authorized uses), and to a prosecutor for a failure to register violation. It may be provided to a health care facility that will be providing you with inpatient care, to a home care provider, or to the public authority responsible for collecting child support enforcement. Information may also be released to the MN Department of Human Services for a background check or to state-operated services if you are civilly committed; to child protection workers conducting a family assessment, the Legislative Auditor, the State Auditor, to others authorized by state or federal law to have access to the information and by court order.

---

**Check-In Information**

| | |
|---|---|
| **Date of Check-In** | 09/04/2026 |
| **Law Enforcement Agency** | MINNEAPOLIS POLICE DEPARTMENT |
| **Agency Contact Telephone Number** | (612) 673-3634 |

---

**Registrant Information**

| | |
|---|---|
| **Next Check-In Date** | 09/11/2026 |

**Homeless location description for next week described as specifically as possible**

Homeless In MINNEAPOLIS, MN 55415 HENNEPIN Homeless in the area of downtown shelters.
in MINNEAPOLIS, MN

---

I understand that I must report to your agency on a weekly basis until I secure a primary address. If I move to a new jurisdiction, I must report to the law enforcement agency in that jurisdiction within 24 hours. If I obtain a primary residence, I must complete a Change of Information form immediately. Failure to do so could result in new felony charges. Verification letters will be mailed to the law enforcement agency that has jurisdiction.

**Registrant Signature** [signature] **Date** 9/24/26

If completed form cannot be submitted electronically, then submit by email, fax or mail.

Email: dps.mnregistry@state.mn.us
Fax: (651) 793-7071
Mail: BCA POR UNIT
1430 Maryland Ave E
St Paul, MN 55106

# Social Security Administration
# Benefit Verification Letter

Date: September 3, 2026
BNC#: 26R4488D71433
REF: C1, DI

*0101BEV6U0RRIXK* CCM.M72.BEV6U.R260903

TRACY LEE HOLMES SR
[redacted] 740 EAST 17th street
[redacted]
MINNEAPOLIS MN ~~55411-5751~~
55404

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

**Information About Current Social Security Benefits**

Beginning December 2025, the full monthly Social Security benefit before any deductions is $870.60.

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $870.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

We found that you became disabled under our rules on July 31, 1995.

**Information About Past Social Security Benefits**

From December 2024 to November 2025, the full monthly Social Security benefit before any deductions was $846.90.

We deducted $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment was $846.00.
(We must round down to the whole dollar.)

**Type of Social Security Benefit Information**

You are entitled to monthly benefits as a disabled dependent of the wage earner.

See Next Page

## Information About Supplemental Security Income Payments

Beginning September 2026, the current Supplemental Security Income payment is $144.00.

This payment amount may change from month to month if income or living situation changes.

Supplemental Security Income Payments are paid the month they are due.

(For example, Supplemental Security Income Payments for March are paid in March.)

We found that you became disabled under our rules on November 10, 1981.

## Type of Supplemental Security Income Payment Information

You are entitled to monthly payments as a disabled individual.

## Medicare Information

You are entitled to hospital insurance under Medicare beginning April 2013.

You are entitled to medical insurance under Medicare beginning April 2013.

Your Medicare number is 8UV3KC9VR70. You may use this number to get medical services while waiting for your Medicare card.

If you have any questions, please log into Medicare.gov, or call 1-800-MEDICARE (1-800-633-4227).

## Date of Birth Information

The date of birth shown on our records is August 14, 1973.

## Suspect Social Security Fraud?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

## If You Have Questions

### Need more help?

1. Visit www.ssa.gov for fast, simple and secure online service.
2. Call us at **1-800-772-1213**, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY **1-800-325-0778**. Please mention this letter when you call.
3. You may also call your local office at **1-855-257-0982**.

SOCIAL SECURITY
SUITE 1
1811 CHICAGO AVE
MINNEAPOLIS MN 55404

*Social Security Administration*

TRACy L Holmes
740 EAST 17th Street
Minneapolis, Mn 55404

U.S. Flags
UNITED STATES POSTAL SERVICE

RECEIVED
SEP 21 2026
CLERK
U.S. DISTRICT COURT

United States Courthouse
c/o CLERK of the District
Court,
111 South 18th St.
Plaza
Omaha NEBraska
68102