IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TRACY LEE HOLMES, SR.,

Plaintiff,

vs.

STATE OF NEBRASKA, et. al.;

Defendants.

**8:26CV555**

**MEMORANDUM AND ORDER**

The matter is before the Court on a Motion for Leave to Conduct Early Discovery, Filing No. 10, a Motion for Summons, Filing No. 12, a Motion for Default, Filing No. 17, and a Motion for Clerk's Entry of Default, Filing No. 18, all filed by Plaintiff Tracy Lee Holmes, Sr. ("Plaintiff"). For the reasons that follow all the motions shall be denied as premature.

Plaintiff filed a complaint on September 21, 2026 (the "Complaint"), Filing No. 1, and concurrently filed his first motion for summons, Filing No. 3. This Court denied Plaintiff's prior motion for summons because this Court is required to review all complaints filed by plaintiffs who are proceeding in forma pauperis to determine whether summary dismissal of a complaint is appropriate (the "Initial Review").[1] *See* Filing No. 8 (citing 28 U.S.C. § 1915(e) as requiring review for summary dismissal of complaints filed by parties proceeding in forma pauperis). Specifically, this Court informed Plaintiff that because he

[1] The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

is proceeding in forma pauperis[2] the Court must complete its review of his Complaint (which had not yet been performed) before summons may be issued. *Id.*

Nothing has changed except that Plaintiff has since filed the additional motions discussed here and a supplement to his Complaint, Filing No. 7, which also requires review prior to this matter proceeding. This Court still *cannot* issue a summons in this case because Plaintiff is proceeding in forma pauperis until after his Complaint (and supplement) are screened for frivolousness and other defects under 28 U.S.C. § 1915(e). Similarly, any motion seeking discovery is premature and should not be filed until the Court has determined upon initial review that the Complaint may proceed to service of process.[3] *See* Abdi v. Jennings, No. 8:25CV515, 2026 WL 37692, at *1 (D. Neb. Jan. 6, 2026) (citing Jackson v. Herrington, 393 F. App'x 348, 353 (6th Cir. 2010)). And finally, *because the Initial Review has not yet been performed and no determination has been made that any of Plaintiff's claims may proceed*, Plaintiff's assertion that a clerk's entry of default or an entry of default judgment may be entered is incorrect because the time for each defendant to respond to the Complaint has not yet begun to run.

To reiterate, until this Court completes the Initial Review as required by 28 U.S.C. § 1915(e) this matter cannot proceed. Plaintiff is therefore notified that any future motions seeking service of process, discovery, entry of default, or other actions by this Court that cannot proceed until the Initial Review is performed which are filed before the Initial Review is performed shall be summarily dismissed as premature.

---

[2] *See* Filing No. 6 (granting motion to proceed in forma pauperis).

[3] Plaintiff acknowledges that his motion seeking discovery is premature as the Initial Review has not yet been performed. *See* Filing No. 10 at 1 (seeking a "limited order" allowing some discovery "after screening and after the relevant defendant has been served with process or voluntarily appears").

IT IS THEREFORE ORDERED that:

1. The Motion for Leave to Conduct Early Discovery, Filing No. 10, the Motion for Summons, Filing No. 12, the Motion for Default, Filing No. 17, and the Motion for Clerk's Entry of Default, Filing No. 18, are denied without prejudice as premature.

2. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 28th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court